### -UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAIME ENRIQUE MONTALVO | ) | CASE NO.  02-32629 |
| | ) | |
| Debtor | ) | |
| | ) | |
| J. BAXTER SCHILLING, TRUSTEE | ) | |
| IN BANKRUPTCY FOR | ) | |
| JAIME ENRIQUE MONTALVO | ) | |
| | ) | |
| Plaintiff | ) | AP NO.  04-03081 |
| | ) | |
| v. | ) | |
| | ) | |
| CARLOS MONTALVO | ) | |
| UNIVERSITY GARDENS II #2 | ) | |
| Arccibo, Puerto Rico 00612 | ) | |
| | ) | |
| Defendant | ) | |

### **MEMORANDUM-OPINION**

This matter came before the Court for trial on February 28, 2005 on the Complaint of Plaintiff J. Baxter Schilling, Trustee ("Trustee") in bankruptcy for Debtor Jaime Enrique Montalvo ("Debtor") against Defendant Carlos Montalvo ("Defendant").  The Court considered the testimony elicited at trial and the submissions of the parties.  For the reasons set forth below, the Court will enter Judgment for the Defendant.  The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 7052.

**FINDINGS OF FACT**

Defendant Carlos Montalvo is the father of the Debtor. Defendant is 75 years old and resides in Puerto Rico. He is currently suffering from Alzheimer's disease. Under the circumstances, the Court excused Defendant's attendance at trial.

In 2001, Debtor borrowed $60,000 from Banco Popular ("the Bank"), a bank located in Puerto Rico. The loan was unsecured and Debtor was to repay the loan at the rate of $1,964.33 per month. The loan was used to pay an outstanding indebtedness to the United States Internal Revenue Service.

On or about April 25, 2002, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. At that time, the Debtor's outstanding indebtedness to the Bank was approximately $40,000. The parties stipulated that at the time Debtor filed his petition he was insolvent and that Defendant was an insider.

On the petition, Debtor indicated that in February, March and April of 2002 he made payments totaling $5,700 to the Bank. He listed the Bank debt as an unsecured debt on Schedule F. The loan number is listed as 06010109002137585-9002. On Schedule H to the petition, Debtor indicated that Defendant and his mother, Maria Montalvo, were co-debtors on the debt to the Bank.

Debtor and his counsel attempted to get documentation of the Bank debt directly from the Bank. The documents received from the Bank are Defendant's Exhibits 1-5. These documents consist of a history of loan payments on a loan referenced as "Loan 9002", see Exhibit 2. This document shows the payments Debtor made on the loan. Exhibit 3 is a Banco Popular Credit Application dated 8/19/02 and signed by Debtor's mother. Exhibit 4 is a Note signed by Debtor's parents which references Loan Number 9001. This Note is dated 8/19/02, four months after Debtor

filed his petition. The purpose of the Note was to assume Debtor's debt to the Bank. Exhibit 5 is a Loan Payoff statement on Loan Number 9002. The document contains a handwritten note which was translated by Debtor to read "balance to cancel loan of Jaime Montalvo cancelled with loan of his father, Carlos."

Nothing in any of Defendant's Exhibits 1-5 provided by the Bank shows that Defendant was a co-debtor or guarantor on Debtor's loan with the Bank. Debtor testified at trial that he indicated on his petition that his parents were co-debtors on the Bank loan because he believed that to be the case at that time. However, since filing the petition he cannot recall if indeed they were co-obligors on the loan, nor could he discover any documentation to support that claim.

Debtor testified that he made payments to the Bank by sending checks to his parents' post office box in Puerto Rico. His parents would then take the checks directly to the Bank. The Trustee produced the following checks of the Debtor from his PNC bank account:

1. Check No. 4738 dated 06/11/01 to Banco Popular for $1,964.33;

2. Check No. 4779 dated 07/10/01 to Banco Popular for $1,964.33;

3. Check No. 4845 dated 08/06/01 to Banco Popular for $1,964.33;

4. Check No. 4969 dated 10/15/01 to Banco Popular for $1,964.33;

5. Check No. 4970 dated 10/15/01 to Dr. Carlos Montalvo for $2,000.00;

6. Check No. 5063 dated 11/13/01 to Banco Popular for $1,964.33;

7. Check No. 5308 dated 12/11/01 to Banco Popular for $1,964.33;

8. Check No. 5322 dated 01/08/02 to Banco Popular for $2,000.00;

9. Check No. 5393 dated 03/11/02 to Banco Popular for $1,900.00;

10. Check No. 5394 dated 03/11/02 to Carlos Montalvo for $2,000.00.

Debtor testified that he received no consideration from Defendant for the two checks referenced above made payable to Defendant. Debtor testified, however, that these two checks were made to reimburse the Defendant for payments he made on Debtor's behalf on the Bank loan.

On or about April 20, 2004, the Trustee initiated this adversary proceeding with a 7 Count Complaint against Defendant seeking avoidance of transfers of $14,229.99 by the Debtor to Defendant. Trustee's claims are made pursuant to KRS 378.010, KRS 378.020, 11 U.S.C. §544(b), 11 U.S.C. §548(a)(1)(A), 11 U.S.C. §548(a)(1)(B)(i)-(ii), and 11 U.S.C. §550(a). Defendant asserts affirmative defenses, including those set forth under 11 U.S.C. §547(c)(1)-(3).

## **LEGAL ANALYSIS**

In Counts 1 and 2 of Trustee's Complaint, Trustee contends that the transfers of funds from Debtor to Defendant are void or voidable pursuant to 11 U.S.C. §544(b), KRS 378.010 and KRS 378.020. In order to succeed on these claims, the Trustee must first establish the existence of a creditor holding an unsecured claim allowable under Section 502 as of the date of the transfers subject to attack under applicable law. In re Akin, 64 B.R. 510, 513 (Bankr. W.D. Ky. 1986). There is no dispute that this element was met by proof of the existence of the debt to the Internal Revenue Service. Trustee had to then prove that the transfers are voidable under KRS 378.010 and/or KRS 378.020.

Under KRS 378.010, Trustee had to prove that the transfers were made with the intent to delay, hinder or defraud creditors. Such intent may be proven by consideration of the circumstances surrounding the transaction. Spotts v. United States, 335 F.Supp.2d 761, 767 (E.D. Ky. 2004). The evidence at trial established that Debtor had a loan with the Bank and that he made regularly monthly payments on that loan in the amount of $1,964.33 to the Bank in the year prior to filing his

4

bankruptcy petition. This was supported by Defendant's Exhibit 2. The only direct transfers to Defendant were the two $2,000 checks to Defendant dated October 15, 2001 and March 11, 2002. Debtor testified that he mailed his loan payments to a post office box in Puerto Rico and that Debtor's parents then took the checks to the Bank. The two checks to Defendant were reimbursements to his father, who had paid the monthly Note on the Debtor's loan with the Bank. No evidence was presented to show that these loan payments were made with intent to delay, hinder or defraud any creditor. Thus, Trustee's claim under KRS 378.010 fails as a matter of law.

Fraud under the Kentucky statute is also commonly determined by certain recognized indicia, denominated as "badges of fraud." Spotts, 335 F.Supp.2d at 767. Such "badges of fraud" include inadequacy of consideration, secret or hurried transactions not in the usual mode of doing business, reservation of benefits by the transferor, control or dominion of property by the debtor, a transfer or conveyance between persons who are related or occupy a confidential relationship, a transfer which contains false statements and recitals as consideration, and a transfer by a debtor in anticipation of suit against him or after suit has begun or is pending against him. Id. In this instance, the transfer was between related parties and seemingly for little or no consideration. However, the trial testimony of Debtor established that the payments were regular loan payments made by the Debtor to Banco Popular on a debt for which he was solely responsible. Defendant was merely a conduit for these payments. The countervailing evidence at trial did not show secret transactions, but rather that regular monthly payments were made on the Bank debt by Debtor or by Defendant on Debtor's behalf. This testimony negated any finding of fraudulent intent.

The Trustee's claim under KRS 378.020 required proof that the transfers were made without valuable consideration. The checks made directly payable to the Bank were clearly made for

5

valuable consideration, i.e., the initial loan. Debtor testified that he received nothing from his father in exchange for the two $2,000 checks made payable to Defendant. However, the evidence at trial also established that these checks were reimbursements for two of the monthly loan payments made by Defendant on Debtor's behalf. The Court does not consider that these transfers were actually made to Defendant. Again, Defendant was merely making the payments to the Bank for the Debtor.

Counts 3 and 4 of the Complaint are based on 11 U.S.C. §548(a)(1)(A) and 11 U.S.C. §548(a)(1)(B)(ii), respectively. The claim in Count 3, as with the claims asserted under KRS 378.010, fails as a matter of law because there was no evidence presented at trial that any of the transfers in question were made with the intent to hinder, delay or defraud any creditor. Count 4 fails because there was no evidence that Debtor received less than a reasonably equivalent value in exchange for the transfers to Defendant. Defendant was merely a conduit for the payments to the Bank.

Count 5 of the Complaint asserts that the transfers to Defendant are voidable under 11 U.S.C. §547(b). The Trustee was unable to establish an essential element of this claim. Trustee relied on Debtor's representation in his petition that Defendant was a co-debtor on the Banco Popular loan. The evidence at trial, however, failed to support this representation. Debtor testified that his initial representation on the petition was erroneous and that he could not find any documentation to support the claim. Trustee also failed to present any evidence on this issue, but rather stands on the Debtor's representation in the petition. Given Debtor's trial testimony and his failure to corroborate this fact with substantial efforts in discovering documents from the Bank, the Court finds that Trustee failed to prove that Defendant was a creditor of the Debtor. Thus, Trustee cannot sustain his claim under 11 U.S.C. §547(b). The Court has been unable to locate any authority to support Trustee's claim

6

that he may rely solely on the representation of the Debtor in his petition to bind a third party, namely the Defendant herein, particularly in light of the countervailing evidence presented at trial.

Since Trustee is not entitled to avoid the transfers at issue, he is not entitled to recover damages under Counts 6 or 7 of the Complaint which seek recovery from Defendant under 11 U.S.C. §550(a) and for pre-judgment interest.

## **CONCLUSION**

For all of the above reasons, the Court finds in favor of Defendant Carlos Montalvo against the Plaintiff, J. Baxter Schilling, Trustee. A Judgment incorporating the findings herein accompanies this Memorandum-Opinion.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAIME ENRIQUE MONTALVO | ) | CASE NO.  02-32629 |
| | ) | |
| Debtor | ) | |
| | ) | |
| J. BAXTER SCHILLING, TRUSTEE | ) | |
| IN BANKRUPTCY FOR | ) | |
| JAIME ENRIQUE MONTALVO | ) | |
| | ) | |
| Plaintiff | ) | AP NO.  04-03081 |
| | ) | |
| v. | ) | |
| | ) | |
| CARLOS MONTALVO | ) | |
| UNIVERSITY GARDENS II #2 | ) | |
| Arccibo, Puerto Rico 00612 | ) | |
| | ) | |
| Defendant | ) | |

## JUDGMENT

Pursuant to the Findings of Fact and Conclusions of Law set forth in the Memorandum-Opinion entered this date and herein incorporated by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that Judgment is entered in favor of Defendant Carlos Montalvo on the Complaint of Plaintiff, J. Baxter Schilling, Trustee.

This is a final and appealable Judgment and there is no just reason for delay.